# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Eva Nell Spears, widow of**
**Denvil Spears,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0824**    (BOR Appeal No. 2056550)
(Claim No. 2017026107)

**West Virginia Office of**
**Insurance Commissioner,**
**Commissioner Below, Respondent**

**and**

**Vision Coal Co.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Eva Nell Spears, widow of Denvil Spears appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner filed a timely response.[1] The issue on appeal is dependent's benefits. The claims administrator denied the claim on January 18, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 25, 2021, Order. The Order was affirmed by the Board of Review on September 20, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Spears, a coal miner, was examined by the Occupational Pneumoconiosis Board ("OP Board") on January 28, 1984. The OP Board found that the claimant had 20% impairment due to occupational pneumoconiosis and that he had nineteen years of occupational dust exposure. Mr. Spears was granted a 20% permanent partial disability award for occupational pneumoconiosis on February 7, 1986.

---

[1]Petitioner, Eva Nell Spears, widow of Denvil Spears, is represented by Reginald D. Henry, and respondent, West Virginia Office of Insurance Commissioner, is represented by Timothy E. Huffman and Ann B. Rembrandt.

1

On October 15, 2015, Mr. Spears was transported to Beckley Area Regional Hospital emergency department after falling off of his mower. He was discovered an hour after he fell and had injuries to his right hip and leg. The claimant's oxygen was 80% but he was not in acute respiratory distress. He was admitted for treatment of right hip fracture. On October 17, 2015, the claimant was in the middle of a cardiology workup when he went into respiratory arrest. He was intubated and transferred to the ICU where he passed away. An autopsy was not performed.

Mrs. Spears completed an application for fatal dependent's benefits asserting that her husband died, and occupational pneumoconiosis was a material, contributing factor. The OP Board reviewed the claimant's medical records and concluded on November 28, 2017, that occupational pneumoconiosis was not a material, contributing factor in Mr. Spears's death. It noted that a CT scan showed evidence of emphysema, most severe in the upper lung zones, and insufficient evidence of pulmonary parenchymal or pleural disease to establish a diagnosis of occupational pneumoconiosis. The claims administrator rejected Mrs. Spears's claim for dependent's benefits on January 18, 2018.

Before the Office of Judges on January 20, 2021, John Willis, M.D., testified on behalf of the OP Board that he reviewed chest x-rays spanning from 2003 to June of 2015, as well as a September 12, 2014, CT scan. He opined that the films showed fairly severe emphysema and that the pathology was mainly the result of cigarette smoking. He further stated that CT scans are more sensitive than x-rays. Jack Kinder, M.D., an OP Board member, concurred with Dr. Willis's findings. He testified that the death certificate listed the immediate cause of death as respiratory failure due to atrial fibrillation and coronary artery disease. Dr. Kinder noted that Mr. Spears was eighty-one at the time of his death and most likely died as a result of a cardiac or cardiovascular event, like a stroke or heart attack. He stated that Mr. Spears had a stroke three to four months prior to his death and had a smoking history of a pack a day for thirty years, ceasing in 1994. Dr. Kinder opined that he did not have severe respiratory disease and that his death was the result of several factors including respiratory compromise and cardiovascular disease. Dr. Kinder asserted that Mr. Spears's broken hip led to his death because it caused stress on his heart and respiratory system. Dr. Kinder opined that while Mr. Spears's compromised respiratory condition caused issues for him, it was not a material, contributing factor in his death. Dr. Kinder stated that the most recent CT scans and x-rays were not sufficient to make a diagnosis of occupational pneumoconiosis. He also stated that the imaging showed bullae, which is associated with tobacco smoking. Further, Mr. Spears suffered repeated infections, which can scar the lungs. John Henry, M.D., also of the OP Board, concurred with the testimony of Drs. Willis and Kinder.

The Office of Judges affirmed the claims administrator's rejection of Mrs. Spears's application for dependent's benefits. It found that she failed to show that the findings and conclusions of the OP Board were clearly wrong. The Office of Judges determined that the OP Board's decision was supported by the evidence of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on September 20, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior

2

rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *See Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991). Further, West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the occupational pneumoconiosis board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record."

In this case, members of the OP Board testified that though the claimant had some respiratory issues, occupational pneumoconiosis was not a material, contributing factor in his death. The most recent x-rays were not positive for occupational pneumoconiosis but did show emphysema. Dr. Kinder testified that the claimant's broken hip stressed his heart and lungs and ultimately led to his death via a cardiac or cardiovascular event. For those reasons, Mrs. Spears has not shown that the OP Board's opinion is clearly wrong, and we affirm the decision of the Board of Review.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn